# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT BERG, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Case No. _____ |
| v. ) ) | |
| ) | JURY TRIAL DEMANDED |
| ONEBEACON INSURANCE GROUP, ) LTD., LOWNDES A. SMITH, T. MICHAEL ) MILLER, REID T. CAMPBELL, MORGAN ) W. DAVIS, LOIS W. GRADY, IRA H. ) MALIS, G. MANNING ROUNTREE, ) PATRICK A. THIELE, KENT D. URNESS, ) INTACT FINANCIAL CORPORATION, ) and INTACT BERMUDA HOLDINGS LTD., ) INTACT ACQUISITION CO. LTD., ) ) | CLASS ACTION |
| Defendants. ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on May 2, 2017 (the "Proposed Transaction"), pursuant to which OneBeacon Insurance Group, Ltd. ("OneBeacon" or the "Company") will be acquired by Intact Financial Corporation ("Parent"), Intact Bermuda Holdings Ltd. ("Holdco"), and Intact Acquisition Co. Ltd. ("Merger Sub," and together with Parent and Holdco, "Intact").

2. On May 2, 2017, OneBeacon's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with Intact. Pursuant to the terms of the Merger Agreement, shareholders of OneBeacon will receive $18.10 per share in cash.

3. On June 8, 2017, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of OneBeacon common stock.

9. Defendant OneBeacon is a Bermuda corporation and maintains its headquarters at

605 North Highway 169, Plymouth, Minnesota 55441. OneBeacon's common stock is traded on the NYSE under the ticker symbol "OB."

10. Defendant Lowndes A. Smith ("Smith") is a director of OneBeacon and has served as Chairman of the Board since 2006.

11. Defendant T. Michael Miller ("Miller") has served as a director of OneBeacon since August 2006 and as President and Chief Executive Officer ("CEO") since October 2006.

12. Defendant Reid T. Campbell ("Campbell") has served as a director of OneBeacon since October 2006.

13. Defendant Morgan W. Davis ("Davis") has served as a director of OneBeacon since 2006.

14. Defendant Lois W. Grady ("Grady") has served as a director of OneBeacon since December 2006.

15. Defendant Ira H. Malis ("Malis") has served as a director of OneBeacon since August 2007.

16. Defendant G. Manning Rountree ("Rountree") is a director of OneBeacon.

17. Defendant Patrick A. Thiele ("Thiele") has served as a director of OneBeacon since February 2014.

18. Defendant Kent D. Urness ("Urness") has served as a director of OneBeacon since February 2007.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is Canadian corporation and a party to the Merger Agreement.

21. Defendant Holdco is a Bermuda exempted limited liability company, an indirect

wholly-owned subsidiary of Parent.

22. Defendant Merger Sub is a Bermuda exempted limited liability company, a wholly-owned subsidiary of Holdco, and a party to the Merger Agreement.

## **CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of OneBeacon (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of April 28, 2017, there were approximately 22,986,618 shares of OneBeacon Class A common stock and 71,754,738 shares of Class B common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible

standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

30. OneBeacon is a holding company whose underwriting companies offer a range of specialty insurance products sold through independent agencies, regional and national brokers, wholesalers, and managing general agencies.

31. Each business is managed by an experienced team of specialty insurance professionals focused on a specific customer group or industry segment, and providing distinct products and tailored coverages and services.

32. OneBeacon's solutions target group accident and health; architects and engineers; commercial surety; entertainment; environmental; excess property; financial services; financial institutions; healthcare professionals liability; management liability; ocean and inland marine; programs; public entities; technology; and tuition refund.

33. On May 2, 2017, OneBeacon issued a press release wherein it reported its first quarter 2017 financial results. Individual Defendant Miller summarized the results as follows:

> Most of our businesses delivered strong results, from both a top-line and bottom-line perspective. While overall net written premiums were down 8% compared to last year, that variance was driven by risk-selection refinement in our Programs, Entertainment and Healthcare businesses. In the remainder of our businesses, net

written premiums were up 3%. While market conditions remain competitive, our positive first-quarter-momentum positions us well for the balance of the year.

34. Nevertheless, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired for inadequate consideration.

35. The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

36. Further, the Company must promptly advise Intact of any proposals or inquiries received from other parties.

37. Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Intact a "matching right" with respect to any "Superior Proposal" made to the Company.

38. Further locking up control of the Company in favor of Intact, the Merger Agreement provides for a "termination fee" of $85.1 million payable by the Company to Intact if the Individual Defendants cause the Company to terminate the Merger Agreement.

39. By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

40. The merger consideration to be provided to plaintiff and the Class in the Proposed Transaction is inadequate.

41. Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

42. Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

43. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

44. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

45. First, the Proxy Statement omits material information regarding OneBeacon's financial projections and the financial analyses performed by the Company's financial advisor, Credit Suisse Securities (USA) LLC ("Credit Suisse"), in support of its so-called fairness opinion.

46. With respect to OneBeacon's financial projections, the Proxy Statement fails to disclose: (i) the amount of capital required to support a targeted "Best's Capital Adequacy Ratio" plus an estimated safety margin that were subtracted from the Company's GAAP capital to derive the estimated distributable cash flows to stockholders; (ii) the "Best's Capital Adequacy Ratio" that was targeted; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

47. With respect to Credit Suisse's *Dividend Discount Analysis*, the Proxy Statement fails to disclose: (i) the inputs and assumptions underlying the discount rate range of 5.0% to 7.5%; (ii) Credit Suisse's basis for applying book value multiples ranging from 1.30x to 1.70x; (iii) the implied perpetuity growth rates; and (iv) the terminal values for OneBeacon.

7

48. With respect to Credit Suisse's *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Credit Suisse in the analysis.

49. With respect to Credit Suisse's *Selected Precedent Transaction Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Credit Suisse in the analysis.

50. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

51. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) "Background of the Merger"; (ii) "Reasons for the Merger; Recommendation of the Board"; (iii) "Opinion of OneBeacon's Financial Advisor"; and (iv) "Financial Projections."

52. Second, the Proxy Statement omits material information regarding potential conflicts of interest of the Company's officers and directors as well as Credit Suisse.

53. The Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and/or directorship of OneBeacon's officers and directors, including who participated in all such communications.

54. Communications regarding post-transaction employment during the negotiation of

the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

55. Moreover, the Proxy Statement fails to disclose Credit Suisse's holdings in OneBeacon's, Intact's, and their affiliates' stock.

56. Full disclosure of all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

57. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) "Background of the Merger"; (ii) "Reasons for the Merger; Recommendation of the Board"; (iii) "Interests of OneBeacon's Directors and Executive Officers in the Merger"; and (iv) "Opinion of OneBeacon's Financial Advisor."

58. Third, the Proxy Statement fails to disclose whether any non-disclosure agreements executed by OneBeacon and the prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

59. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

60. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) "Background

of the Merger"; and (ii) "Reasons for the Merger; Recommendation of the Board."

61. Fourth, the Proxy Statement omits material information regarding the background of the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

62. For example, the Proxy Statement fails to disclose the specific duties of the "Transaction Committee" of the Board as well as whether the Board discussed and considered the potential conflicts of interest faced by its members.

63. The Proxy Statement fails to disclose the details of the "proposed terms of the retention bonus pools [that] were shared with the remaining bidders in late March 2017."

64. The Proxy Statement fails to disclose the details of the respective "Surplus Notes" contingencies included in "Party B's" April 1, 2017 proposal and Intact's April 4, 2017 proposal, including the estimated price of the Surplus Notes.

65. Additionally, in connection with Party B's May 2, 2017 communication to Credit Suisse that "Party B would not proceed without specific price guidance," the Proxy Statement fails to disclose whether Individual Defendant Miller or any of the Company's representatives informed Party B that "OneBeacon would not agree to any transaction at a purchase price of less than $18.10 per OneBeacon share" – the specific price guidance Miller provided to Intact's CEO during their conversations on April 13 and 14, 2017.

66. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) "Background of the Merger"; and (ii) "Reasons for the Merger; Recommendation of the Board."

67. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to OneBeacon's stockholders.

10

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and OneBeacon**

68. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

69. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. OneBeacon is liable as the issuer of these statements.

70. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

71. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

72. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

73. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

74. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

75. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

**COUNT II**

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Intact**

76. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

77. The Individual Defendants and Intact acted as controlling persons of OneBeacon within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of OneBeacon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

78. Each of the Individual Defendants and Intact was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

79. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy Statement.

80. Intact also had direct supervisory control over the composition of the Proxy

Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

81. By virtue of the foregoing, the Individual Defendants and Intact violated Section 20(a) of the 1934 Act.

82. As set forth above, the Individual Defendants and Intact had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: June 21, 2017 | **ALTMAN & IZEK** |
| | By: *s/ Adam Altman* |
| **OF COUNSEL:** | Adam Altman (0393515) |
| | Douglas B. Altman (13854X) |
| **RIGRODSKY & LONG, P.A.** | 901 North Third Street, Suite 140 |
| Brian D. Long | Minneapolis, MN 55401 |
| Gina M. Serra | Telephone: (612) 335-3700 |
| 2 Righter Parkway, Suite 120 | E-mail: adam@altmanizek.com |
| Wilmington, DE 19803 | |
| Telephone: (302) 295-5310 | *Attorneys for Plaintiff* |
| Email: bdl@rl-legal.com | |
| gms@rl-legal.com | |
| | |
| **RM LAW, P.C.** | |
| Richard A. Maniskas | |
| 1055 Westlakes Drive, Suite 3112 | |
| Berwyn, PA 19312 | |
| Telephone: (484) 324-6800 | |
| Email: rm@maniskas.com | |

# CERTIFICATION OF PLAINTIFF

I, Robert Berg ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1. Plaintiff has reviewed the complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4. Plaintiff's purchase and sale transactions in the OneBeacon Insurance Group, Ltd. (NYSE: OB) security that is the subject of this action during the class period is/are as follows:

PURCHASES

| Buy Date | Shares | Price per Share |
|---|---|---|
| 2/9/17 | 35 | $15.58 |
|  |  |  |
|  |  |  |
|  |  |  |

SALES

| Sell Date | Shares | Price per Share |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Please list additional transactions on separate sheet of paper, if necessary.*

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June, 2017.

_____
ROBERT BERG